```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
  ----------------------------------------------------------- X
    SUREKHA SHAH, as Sellers' Representative,  :
                                               :
                                    Plaintiff, :
                                               :
                   -against-                   :
                                               :      1:19-cv-10018-GHW
                                               :
    TORRENT PHARMA, INC.,                      :
                                               :      UNSEALING ORDER
                                               :
                                    Defendant. :
  ----------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/2019

GREGORY H. WOODS, United States District Judge:

On October 29, 2019, Judge Furman—acting as the assigned judge for Part I—issued an order allowing Plaintiff to file its complaint and accompanying case-initiating documents under seal "subject to review by the judge who is assigned to this action."  Order Allowing Plaintiff to File Complaint Under Seal at 1.  Judge Furman granted Plaintiff's request to seal "until the judge assigned to this action has the opportunity to review Plaintiff's application."  *Id.*  Judge Furman ordered that Plaintiff file "all documents publicly on November 5, 2019, unless before that date, she applies to the assigned district judge for an extension of this order."  *Id.*

On November 5, 2019, the parties filed a joint letter motion requesting that the Court extend Judge Furman's sealing order in part.  "Plaintiff request[ed] that the Court (i) allow Plaintiff to file redacted versions of the Complaint and Exhibits D and E thereto and (ii) keep under seal entirely Exhibit A . . . and Exhibit B . . . to the Complaint."  Letter Motion to Seal at 1.  Defendant consented to these requests.  For the reasons that follow, the parties' motion is granted in part and denied in part.

**I. Legal Standard**

As a general matter, there is a strong presumption of public access to "judicial documents," which are those documents filed with the court that are "relevant to the performance of the judicial

function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). "In determining whether a document is a judicial record, we evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (alterations in original) (citing *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)). As the Second Circuit has held, the presumption is for "immediate public access to" such documents, and "applies under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126 (2d Cir. 2006). "Notwithstanding the presumption . . . documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.* at 124. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), and "sealing should not be done without a compelling reason," *City of Harford v. Chase,* 942 F.2d 130, 135 (2d Cir. 1991).

"Before a court can allow parties to file sealed judicial documents . . . it must analyze each document under the common law and First Amendment tests, making a particularized decision about whether sealing is both warranted and narrowly tailored to the interests justifying such sealing." *Dickerson v. Novartis Corp.*, No. 15-cv-1980 (GHW), 2016 WL 9560056, at *2 (S.D.N.Y. Apr. 11, 2016) (quoting *Dandong v. Pinnacle Performance Ltd.*, No. 10-cv-8086, 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012)). With respect to the common-law test, the Court must determine the weight of the presumption of access to the judicial documents, based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo*, 71 F.3d at 1049). "[A]fter

determining the weight of the presumption of access, the court must balance competing considerations against it," including "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks and citations omitted).

Moreover, "it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004)). The Second Circuit has articulated two approaches for determining the First Amendment protection attached to judicial documents. Under the "experience and logic" approach, the Court considers "whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* (internal quotation marks and citation omitted). Under the second approach, the Court "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks and citation omitted). If a qualified First Amendment right of access exists, documents may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* To permit judicial documents to be filed under seal, a district court must make "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quotation omitted).

## II. Analysis

Each of the documents at issue is a judicial document subject to the presumption of public access. The complaint is clearly so. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("We . . . hold that pleadings—even in settled cases—are Judicial records subject to a presumption of public access."). Exhibits A, B, D, and E are also judicial documents. They are "relevant to the performance of the judicial function and useful in the judicial

process"—specifically to the Court's initial evaluation of the parties' respective positions and the issues to be litigated in this case. *See Lugosch*, 435 F.3d at 119.

The Court concludes that there is not sufficient justification for the parties to file Exhibits A and B under seal. That the documents in question are subject to a confidentiality provision is insufficient to overcome the presumption of public access to judicial documents. The Court also finds that there is insufficient justification for the parties' proposed redaction of the Complaint. However, the Court grants the parties leave to make further application for limited redactions of Exhibits A, B, D, and E. To the extent any such application is made, the parties are reminded that in order to grant the application, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values." *Maxwell*, 929 F.3d at 48.

### III. Conclusion

Accordingly, the Court orders Plaintiff to file all document previously sealed in this case except for Exhibits A, B, D, and E, on the docket no later than November 25, 2019. If the parties wish to make further application for limited redactions of Exhibits A, B, D and E, they are directed to make that application before November 27, 2019. Any such application must be consistent with Rule 4.A.iii of the Court's Individual Rules of Practice in Civil Cases. The parties may redact the information that falls into the categories listed in Federal Rule of Civil Procedure 5.2(a) without leave of court.

Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: November 21, 2019
      New York, New York

_____
GREGORY H. WOODS
United States District Judge